UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARKOUN ABLAHID,

CASE NO. 17-10640

        Petitioner,

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

v.

REBECCA ADDUCCI,
DETROIT FIELD OFFICE DIRECTOR
ICE ENFORCEMENT

        Respondent,

_____/

**ORDER GRANTING GOVERNMENT'S MOTION TO VACATE STAY OF PETITIONER'S REMOVAL FOR GOOD CAUSE SHOWN: PETITIONER IS NOW SCHEDULED TO BE REMOVED FROM THE UNITED STATES WITHIN 45 DAYS FROM JUNE 14, 2017**

On February 28, 2017, Petitioner filed for "a writ of habeas corpus by a person subject to post removal detention pursuant to 28 U.S.C. §2241." (Dkt. #1) The Petition specifically contends that this Court should grant a Writ of Habeas Corpus because Mr. Ablahid "has been incarcerated for over six months pending a removal order issued on August 7, 2012. Until now, the Iraq [Government] has failed to issue Petitioner a travel document to allow Immigration and Customs Enforcement ("ICE") to remove him." (Dkt. #1, p.1)

1

On March 1, 2017, the Court ordered service of the Petition for Habeas Corpus on the United State Attorney, and further ordered that "Petitioner's removal or deportation is hereby stayed until further order of the Court. 28 U.S.C. §1651. For good cause shown, the Government may move to vacate the stay." (Dkt. #3)

Respondent's "Emergency Motion to Vacate Stay of Removal for Good Cause Shown" (Dkt. #10, June 14, 2017) states that "there is now good cause to vacate the stay in this case because Ablahid is now scheduled to be removed to Iraq on a specific date within 45 days from the date of this motion and must be transferred from this district within 7 days in order to facilitate his removal. Thus, but for the stay imposed by the Court, his removal is imminent." (Dkt #10, p.2)

Petitioner is a native and citizen of Iraq subject to a final order of removal to that country. Respondent asserts that Petitioner has been deemed removable based on his previous convictions in the United States for domestic violence, extortion, and possession of child sexually abusive material.

Respondent further contends that Petitioner is now scheduled for removal within 45 days, and that his removal will moot his challenge to continued detention, because he can no longer meet his obligation to show that "there is no significant likelihood of removal in the reasonably foreseeable future" under the

Supreme Court decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Because Respondent has scheduled Ablahid's removal on a specific date within 45 days, and states that in order to complete his removal, he must be transferred from this district within seven days, the Court finds that good cause exists to vacate the stay because of Petitioner's imminent removal. The sworn declaration of Julius Clinton, Detention and Deportation Officer avers that Petitioner "Ablahid has been scheduled for removal in June of 2017." (Dkt. #10, p.3, Attached Sworn Affidavit ¶ 7)

Accordingly, the Court grants the Government's Emergency Motion and vacates the stay of removal.

SO ORDERED.

DATED: JUN 1 5 2017

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE